UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JULIO ISAAC OROZCO FABELA,

          Petitioner,

v.                             Case No. 3:26-cv-1015-MMH-LLL

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

          Respondents.

_____

### **ORDER**

Petitioner Julio Isaac Orozco Fabela, an immigration detainee, is proceeding pro se on an Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) (Doc. 1; Petition), filed April 30, 2026. See generally Petition. Fabela is a citizen of Mexico who entered the United States twenty-two years ago. Id. at 4. On January 24, 2026, immigration authorities detained Fabela. Id.[1] Fabela raises various challenges to his immigration detention and seeks, inter alia, either an individualized bond hearing or immediate release. See id. at 5–6. The Federal Respondents filed a Response to Petition and Show Cause

---

[1] The Court notes that, although Fabela was initially detained at Baker Correctional Institution in Sanderson, Florida, Petition at 3, it appears that he has since been transferred to Folkston Main IPC in Folkston, Georgia, see Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited July 9, 2026).

Order (Doc. 5; Response), asserting that they are now detaining Fabela under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 2.

When Fabela was detained in January 2026, Petition at 4, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.      Fabela's Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2]

---

[2] Because the Court finds that Fabela is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Within **seven days** of this Order, Respondents shall either afford Fabela an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Fabela, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.     The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of July, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record
Julio Isaac Orozco Fabela

3